**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**COURTNEY SANDERS, ON BEHALF OF**
**HERSELF and ALL OTHERS SIMILARLY**
**SITUATED**                                                                                  **PLAINTIFF**

**v.**                                    **Case No. 5:12-cv-017 KGB**

**LAWRENCE DAVIS, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY and**
**DONALD BOBBITT, AS PRESIDENT OF**
**THE UNIVERSITY OF ARKANSAS SYSTEM**                              **DEFENDANTS**

**AGREED PROTECTIVE ORDER**

The parties have requested discovery of confidential and sensitive information and educational records protected by the Family Educational Rights and Privacy Act ("FERPA") of persons not parties to this litigation. In response to discovery requests and upon application to this Court and entry of this Order, the parties have agreed to provide documents for proper use only in this litigation and subject to the affected persons' (whether past or present) privacy rights not being violated or infringed. In order to permit the parties adequate access to the records necessary to present completely their respective positions herein, and, at the same time to protect the personal privacy of the plaintiff, defendants, and current and former employees and students of the University of Arkansas at Pine Bluff ("UAPB"), on the parties' joint motion for a protective order, it is hereby ordered, adjudged, and decreed as follows:

1.      The parties have agreed that the personnel files of current and former UAPB employees and educational records of current and former UAPB students, and any additional materials requested by the parties and subject to discovery which may contain personal

information, may be used only in connection with preparing and presenting the parties' respective claims and defenses to this Court.

2. All such confidential information produced or otherwise obtained by the parties which relate to the above referenced matter, discussed in depositions, or other information later provided upon entry of this Order shall be used only for the purpose of this litigation, and none of the confidential material may be used for any other purpose whatsoever. Moreover, the parties, their attorneys, or anyone acting on their behalf may not utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative claim, proceeding, or civil action;

3. Other confidential records, documents, tapes, or other information provided and hereunder may be disclosed to either party, their attorneys, jurors, the staff of the attorneys, experts retained for this case, the Court and its staff, and witnesses, without being in breach of any confidential settlement agreement, but only as is necessary and for proper purpose directly related to the trial of this action. They shall all be informed of this Protective Order and required to agree to abide by it to see the information. The parties and their attorneys shall not transfer or communicate any of the confidential information, documentation, or records produced pursuant to this Order, directly or indirectly, to any person except for a necessary and proper purpose directly related to discovery, litigation, or trial of this action. Counsel for either party may provide copies of such confidential records, documents, or other information to any expert witness[es] retained by either party or persons frequently employed by such expert[s] whose review of the material is necessary and proper for the plaintiff's prosecution or the defendants' defense in this litigation;

4. If confidential information, documents, or records are used or discussed during depositions, the portions of the depositions containing the confidential information shall be treated as confidential in accordance with this Order;

5. All documents, information, or depositions designated as confidential under this Order shall, when filed with the Court, be clearly marked as confidential, sealed, placed in separate, secure storage by the Clerk, and opened only by authorized Court personnel;

6. Both parties, their respective counsel, the retained expert witness/witnesses, or anyone acting on their behalf shall not in any manner, directly or indirectly, transfer medical records, confidential records, documents, or other information provided hereunder or copies thereof, or communicate, orally or in writing, any of the data contained in said material to any person;

7. Upon termination of this lawsuit by judgment, by settlement, or by other means, and at the option of the producer of such material, the parties agree to return all confidential materials, including copies thereof to the producer or destroy all such materials and copies thereof within three (3) years from the date of this Order, after which the party will certify to all other parties in writing that all confidential documents have been destroyed. If any party ceases involvement in this action, by settlement or otherwise, such party shall comply with the terms of this paragraph within a reasonable time.

8. This Protective Order shall govern all pre-trial proceedings but shall be subject to modification either before, during, or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown;

9. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate Order of this Court; and

10. This Order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure or by any statute or other authority.

SO ORDERED this the 15th day of May, 2013.

_____
Kristine G. Baker
United States District Judge